IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Ace Logistics Viet Nam Joint Stock Co.,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | C.A. 4:23-cv-159 |
| **M/V DARYA RAMA, her engines, tackle, Apparel, etc.,** *in rem*, **and Kingbulk Marine Co. Ltd, Schroder Marine Services, Inc., and Lone Star Integrated Distribution, Inc.** | § § § § § § § | IN ADMIRALTY |
| Defendants. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Ace Logistics Viet Nam Joint Stock Company ("Plaintiff") files this Original Complaint against Defendants, M/V DARYA RAMA, *in rem*, and Lone Star Integrated Distribution ("LSI"), Schroder Marine Services, Inc. ("Schroder"), and Kingbulk Marine Co. Limited ("Kingbulk"), *in personam*, and would respectfully show as follows:

1. This action arises from loss to a maritime cargo and/or breach of a maritime contract.

2. The Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. § 1333(1).

3. Venue is proper under 28 U.S.C. § 1391 (b)(2) because this civil action is brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

4. Plaintiff is a foreign entity registered in Vietnam with a business address of 48/100 Tran Duy Hung, Group 5, Trung Hoa Ward, Cau Giay District, Ha Noi City, Vietnam.

5. At all times material, Plaintiff owed and/or maintained a possessory interest in a shipment of 2,400 total packages – 3,018.640 kilograms of Plastic Beads all within volume filled Super/Bulk Sacs (the "Cargo").

6. Plaintiff brings this action for itself and/or as agent and/or trustee for each person or entity that is or becomes interested in the Cargo.

7. Upon information and belief, at all times hereinafter mentioned, Defendant M/V DARYA RAMA was and is an oceangoing bulk carrier built in 2018, flagged in Hong Kong, has the call sign VRRV6, and engages in the common and/or private carriage of goods by water for hire between various foreign and domestic ports, and upon further information and belief, she is now, or will be during the pendency of this action, within this District and subject to the jurisdiction of this Honorable Court.

8. On information and belief at all material times, Kingbulk owned and/or operated the M/V DARYA RAMA as a common carrier of goods by water for hire between various ports, including the ports of Houston, Texas.

9. Kingbulk is a foreign entity not authorized to do business in Texas, but at all material times, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigable waters, entering into charter parties, bills of lading, and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with § 17.042 of the Texas Civil Practice & Remedies Code.

10. Kingbulk is a non-resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas.

11. Alternatively, although Kingbulk may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and Kingbulk has sufficient national minimum contacts with the United States as a whole.

12. The exercise of personal jurisdiction over Kingbulk is consistent with the Constitutions and other laws of the United States and Texas and, accordingly, serving Kingbulk with a summons is effective to establish personal jurisdiction over it.

13. Kingbulk can be served by serving the Texas Secretary of State, with process or notice to be sent to Kingbulk at its home office at 360 Business Solutions Ltd, Room 510, Wayson Commercial Building, 28 Connaught Road West, Sheung Wan, Hong Kong.

14. On information and belief and, at all times material, LSI managed and/or operated the warehouse where the Cargo was improperly stored and damaged.

15. LSI is a Texas corporation with its principal place of business located at 8500 Market St., Suite B, Houston, TX 77029.

16. On information and belief and, at all times material, Schroder provided stevedore services to the M/V DARYA RAMA, discharged the from the Vessel and loaded it onto trucks for transport to LSI's facility.

17. Schroder is a Texas corporation with a business address of PO Box 5161 Houston, TX 77262, and can be served through its registered agent Jurgen R Schroeder at 1717 East Loop North, Houston, TX 77029.

18. On or about December 2, 2021, Plaintiff, as shipper, tendered the Cargo in good order and condition to Defendants at or near the ports of Hon Gai and Cai Lan, both in Vietnam.

19. Defendants agreed with Plaintiff to safely receive, handle, load, stow, secure, carry, discharge and deliver the Cargo at any port on the East Coast of the United States in the same good order and condition as when received, in consideration of paid freight charges.

20. Defendants acknowledged receipt of the Cargo at the ports in Vietnam in good order and condition, and accordingly therewith, issued several bills of lading, including bills of lading Nos. KMDKDRCMD052, KMDKDRHST073, KMDKDRHST074, and KMDKDRCMD053, free of exceptions or other notations for loss or damage.

21. Defendant Kingbulk was unable to obtain wharfage for the vessel or warehousing space for the cargo at any East Coast port and opted to forego the East Coast ports for Houston, Texas.

22. Thereafter, on or about January 24, 2022, the cargo was discharged at the Port of Houston by stevedore Schroder and transported to LSI's warehouse facility in Houston, Texas, where the Cargo was not in the same good order and condition as when received but, on the contrary, much of the Cargo and the Super Sacs were broken, torn, chipped, smashed, gouged, cracked, marred, cut, split, edged, jagged, jammed, chafed, loose, adrift, missing and/or otherwise physically damaged.

23. Alternatively, the damage to the Cargo was a result of stevedore Schroder's improper discharge and transportation of the Cargo and/or LSI's failure to properly and securely store the Cargo in its warehouse facility.

24. The physical damages and loss to the Cargo proximately resulted from Defendants' respective acts and/or omissions constituting breach of contract, breach of bailment, negligence,

and/or other violation(s) of the statutory and/or maritime law duties of a common carrier of goods by water for hire.

25. Alternatively, the physical damage and loss to the Cargo proximately resulted from the unseaworthiness of the M/V DARYA RAMA.

26. Plaintiff cannot more specifically allege Defendants' respective act(s) and/or omission(s) constituting negligence and, consequently, invokes and relies upon the doctrine of *res ipsa loquitur* because the character of the loss was such that it would not have happened in the absence of negligence, and the instrumentality causing the occurrence was exclusively within Defendants' control.

27. At all times material, each of Plaintiff and Plaintiff's shipper performed all of its obligations, if any, under any contract(s) with Defendants.

28. At no time did any of Plaintiff's or Plaintiff's agent's acts or omissions cause or contribute to cause the loss of the Cargo or Plaintiff's proximately resulting loss and damages.

29. All conditions precedent have been performed or have occurred for Plaintiff to bring this action and demand payment from Defendants of all damages, interest and costs owed for the Cargo's physical damages and loss.

30. By reason of the premises, Plaintiff proximately has sustained damages exceeding $100,000 plus interest dating from January 24, 2022.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Ace Logistics Vietnam Joint Stock Company prays that this Honorable Court adjudge that Defendants, M/V DARYA RAMA, *in rem*, Kinbulk Marine Co. Limited, Lone Star Integrated Distribution, and Schroder Marine, jointly and severally, are liable to Plaintiff for its alleged damages, pre-judgment interest, post-judgment interest, court costs and all other relief as justice and equity allow.

Respectfully submitted,

By: */s/ Dimitri P. Georgantas*
Dimitri P. Georgantas
Federal I.D. No. 2805
Texas State Bar No. 07805100
1600 Smith Street, Suite 5000
Houston, TX  77002-7380
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
dimitri.georgantas@roystonlaw.com

**ATTORNEYS FOR PLAINTIFF**

**OF COUNSEL:**

**ROYSTON, RAYZOR, VICKERY & WILLIAMS, LLP**